ANTONIA Q. DE SOTO-GRAS, Plaintiff and Appellee, v. ALBERT B. BOARDMAN, Defendant and Appellant.

No. 4606. Argued May 28, 1928.—Decided May 31, 1928.

O. B. Frazer & Castro Fernández for the appellant. F. Soto Gras for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an action of unlawful detainer. The district court gave judgment for the plaintiff on the 24th of April, 1928.

The defendant appealed on the 28th of that month and asked the court on the same day to fix the amount of the undertaking required by section 12 of the Unlawful Detainer Act of 1905 (Comp. 1911, p. 316) for perfecting the appeal. The court immediately fixed the security at five hundred dollars and it was presented and approved on the following day.

The appellee moves this court to dismiss the appeal because the undertaking was fixed and approved without her intervention, because it does not comply with the requirements of section 355 of the Code of Civil Procedure and because its amount is manifestly insufficient. She further alleges that the appeal should be dismissed as frivolous.

The appellant filed a written opposition and both parties argued the matter at the hearing on the motion.

In our opinion the appellee is mistaken.

Section 11 of the Unlawful Detainer Act (Comp. 1911, p. 316) provides that appeals should be taken within a period of five days after the date of the judgment. And section 12 provides that the right of appeal shall be denied to the defendant unless he deposits in the office of the secretary of the court the amount due up to the date of the judgment if the action of unlawful detainer is founded on the nonpayment of the amount agreed upon, and in all other cases unless he furnishes an undertaking, to the satisfaction of the court, for costs and damages, both the deposit and the undertaking to be made or furnished within the time granted for taking an appeal.

Nothing is said in the law regarding the necessity of hearing the appellee before fixing and approving the undertaking. The appellee has not cited any statute or jurisprudence in support of that contention.

Such being the case, considering the peremptory nature of the period, its jurisdictional character and the express words of the legislators that the undertaking shall be "to the satisfaction of the court," we must conclude that the intervention of the appellee is not indispensable.

It is not necessary that the undertaking should contain a statement that the corporation furnishing it has complied with the provisions of section 355 of the Code of Civil Procedure. That should be presumed from the fact that the court accepted the undertaking, and that presumption has not been destroyed by the appellee.

The amount is sufficient. For the reasons which we shall see the appellant has been depositing month after month the sum of one hundred dollars as the rent and therefore the undertaking of five hundred dollars was given merely to cover any damages that might ensue and the costs of the litigation.

From the opinion of the court alone, without knowing the evidence, it is impossible to determine whether this is a frivolous appeal, especially when the opinion itself shows a real controversy between the parties, for it is alleged by the plaintiff that the defendant is occupying the house at sufferance and the defendant contends that he is living in the house under a lease contract and both parties submitted evidence in support of their respective contentions.

The motion to dismiss must be overruled.